## SUPREME COURT.

ANGELO FARACE agt. CHRISTINA FARACE.

*Divorce — Verified complaint — Facts which are to be considered matters of affirmative defense.*

The facts required to be alleged in the complaint in a suit for divorce — that the alleged adultery was committed without plaintiff's consent, connivance, privity or procurement; that five years have not elapsed since its discovery, and non-cohabitation thereafter — are to be considered, where the complaint is verified, a matter of affirmative defense, which the defendant, in view of the disability of the statute, is bound to controvert and disprove.

*Special Term, May,* 1881.

LARREMORE, *J.*— I think the proof sufficient to sustain the referee's finding upon the question of identity. The other exceptions to his report relate to his omission to examine the plaintiff, on oath, as to the facts enumerated in rule 73 of this court, viz. : that the alleged adultery was committed without plaintiff's consent, connivance, privity or procurement; that five years have not elapsed since its discovery, and non-cohabitation thereafter. All these facts are alleged in the complaint, which is verified, and the referee has reported them as found affirmatively.

Section 831 of the Code of Civil Procedure declares that "a husband or wife is not competent to testify against the other upon the trial of an action or the hearing upon the merits of a special proceeding founded upon an allegation of adultery, except to prove the marriage."

We are relegated to the old practice in chancery by which such collateral facts set forth in a verified complaint, or by affidavit, become *prima facie* evidence, and the burden of proof is thus shifted upon the defendant.

No other construction is consistent with the statute. The proof required by rule 73 must primarily be obtained by the testimony of the plaintiff, which is made incompetent on the trial or hearing of the case upon its merits. If such facts must be established, and no one but the plaintiff can prove them, the only alternative is to consider them as a matter of affirmative defense, which the defendant, in view of the disability of the statute, is bound to controvert and disprove.

The exceptions to the report are overruled, and it is in all respects confirmed.